**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSE JESUS GARCIA,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL NO.** |
| | § | **3:16-CV-00076-RFC** |
| **CAROLYN W. COLVIN,** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a civil action seeking judicial review of an administrative decision.  Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas.

Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act.  For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

<u>**PROCEDURAL HISTORY**</u>

On February 27, 2013, Plaintiff filed his application for DIB, alleging a disability onset date of February 15, 2013.  (R:126-133)  His application was denied initially and denied upon reconsideration.  (R:52-72)  Plaintiff filed a request for a hearing, which was conducted on July 24, 2014.  (R:28-51)  The Administrative Law Judge ("ALJ") issued a decision on September 10, 2014, denying benefits.  (R:11-23)  The Appeals Council denied review.  (R:1-6)

**ISSUE**

Plaintiff presents the following issue for review:

1. Whether the ALJ failed to give Plaintiff's treating physician's opinion the proper weight when determining Plaintiff's residual functional capacity ("RFC").  (Doc. 17:2)

Plaintiff contends that the ALJ failed to give the proper weight to the medical opinion of Dr. Wong, Plaintiff's treating physician, when making the RFC determination.  (Doc. 17:3) Consequently, Plaintiff seeks a reversal and remand for an award of benefits or for further administrative proceedings.  (Doc. 17:7)  Defendant responds that the ALJ properly weighed the treating physician's opinion, sufficiently explained why he gave the opinion little weight, and that substantial evidence supports the ALJ's findings and conclusions.  (Doc. 19:4-9)

**DISCUSSION**

### *I. Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citations omitted); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citation omitted).   "Substantial evidence 'is more than a mere scintilla, and less than a preponderance.'"  *Masterson*, 309 F.3d at 272 (citation omitted).  The Commissioner's findings will be upheld if supported by substantial evidence.  *Id.*  (citation omitted).  A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (*per curiam*) (internal quotation marks and citation omitted).

In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision.  *Masterson*, 309 F.3d at 272 (citation omitted).  Conflicts in the evidence are for the Commissioner and not the courts to resolve.  *Id.*; *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citation omitted).

## II. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing.  *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).  The Commissioner may meet this burden by the use of opinion testimony of vocational experts ("VE") or by the use of administrative guidelines provided in the form of regulations.  *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982).  If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Anderson*, 887 F.2d at 632-33.

In the present case, the ALJ found that Plaintiff had severe impairments of: heart problems

s/p aortic valve replacement; hypertension; obesity; and, missing left eye. (20 C.F.R. § 404.1520(c)). (R:13)  The ALJ determined that none of Plaintiff's impairments, either alone or in combination, met or medically equaled one of the listed impairments.  (R:14)  Upon considering the entire record, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of light work with the following limitations: he can lift/carry, push or pull up to 20 pounds occasionally, and 10 pounds frequently; he must be allowed to sit or stand alternately at 60 minute intervals for 2 to 3 minutes at a time, during which period he may remain on task; he may occasionally climb ramps and stairs, but may never climb ladders, ropes or scaffolds; he must avoid all exposure to hazards such as dangerous machinery and unsecured heights; he can perform work tasks that do not require more than monocular vision.  (R:15)  The ALJ determined that Plaintiff was limited to a reduced range of light work based on his residual heart issues and obesity.  (R:18)  He further found that the evidence as a whole did not support Plaintiff's subjective statements concerning the limiting effects of his impairments.  (R:18)  At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as an automobile salesperson.  (R:21)  Alternatively, at step five, the ALJ found that considering Plaintiff's RFC, age, education, and work experience, as well as the VE's testimony, there were a significant number of other jobs in the national economy that Plaintiff could perform. (R:21-23)  Consequently, the ALJ found that Plaintiff was not disabled from February 15, 2013 through the date of the ALJ's decision.  (R:11, 23)

### III. The ALJ's Determination of Plaintiff's Residual Functional Capacity

RFC is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p.  The responsibility to determine the Plaintiff's RFC belongs to the ALJ.  *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).  In making this determination, the ALJ must consider all the record

4

evidence and determine the Plaintiff's abilities despite his physical and mental limitations. *Martinez*, 64 F.3d at 176.  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.  *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p.  The relative weight to be given the evidence is within the ALJ's discretion.  *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).  The ALJ is not required to incorporate limitations in the RFC that she did not find to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

It is Plaintiff's burden to establish disability and to provide or identify medical and other evidence of his impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically determinable impairment must be established by acceptable medical sources.  20 C.F.R. § 404.1513(a).  Plaintiff's own subjective complaints, without objective medical evidence of record, are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and results from legal error.  (Doc. 17:2)  Plaintiff maintains that the ALJ improperly accorded "little weight" and essentially "no weight" to Dr. Wong's opinion and instead gave significant weight to the opinions of the non-examining, state agency physicians.  (Doc. 17:3)  Plaintiff argues that the ALJ cannot merely pick and choose evidence that supports his position.  (Doc. 17:3, 6)  He argues that had the ALJ properly weighed the treating doctor's opinion, the ALJ would likely have found Plaintiff disabled.  (Doc. 17:6)  Furthermore, Plaintiff claims that the ALJ gave Dr. Wong's opinion insufficient weight on the basis of improper reasons.  First, the ALJ found Dr. Wong's opinion in his Medical Source Statement ("MSS") inconsistent with the doctor's treatment notes wherein Plaintiff reported that he was "feeling fine." (Doc. 17:5)  Plaintiff argues that generic statements that

5

a claimant is "doing better," or that treatment is "helping" do not constitute evidence of an improvement in the symptoms, signs, or laboratory findings associated with any specific impairment. (Doc. 17:5)  Plaintiff also argues that another reason that the ALJ used in discrediting Dr. Wong's opinion, i.e., that he returned to work, is of no merit because although Plaintiff did attempt to return to work, he was let go because he wasn't able to do the job without asking for help.  (Doc. 17:5) Plaintiff takes no issue with the ALJ's conclusion that he had received no treatment from Dr. Wong since June of 2013 or that the MSS failed to provide a rationale within it; however, with respect to the ALJ's determination that it appears that Dr. Wong was "simply attempting to help out a patient with whom he sympathizes for one reason or another" Plaintiff argues that such a conclusion is unfounded, unsupported by the record, and is not a good reason for rejecting Dr. Wong's opinion.[1] (R:20; Doc. 17:5)  In addition, Plaintiff contends that the ALJ erred by failing to discuss the factors required by 20 C.F.R. § 404.1527(d)[2] in setting forth his reasoning for rejecting Dr. Wong's opinion. *Newton v. Apfel,* 209 F.3d 448, 453 (5th Cir. 2000).  Thus, it is urged, the ALJ rejected the opinion contained within Dr. Wong's MSS without complying with mandatory Fifth Circuit standards. (Doc.17:4)  Plaintiff contends that he was prejudiced by the ALJ's failure to properly consider the entire record because this failure resulted in an inaccurate RFC finding which is not supported by substantial evidence–this prejudice requires remand.  (Doc.17:6)

---

[1] When an ALJ suggests impropriety on behalf of a physician, courts typically reject such a suggestion in the absence of specific, supporting evidence. The Court finds no basis in the record for finding that Dr. Wong arrived at his conclusion because he was trying to help Plaintiff for reasons of sympathy.  *See Kelly v. Colvin*, No. 3:14-CV-01677-P-BK, 2015 WL 1592153, at *7(N.D. Texas, Apr. 7, 2015).  Nevertheless, the Court finds such a conclusion harmless in light of the overall evidence in the case.

[2] 20 C.F.R. § 404.1527 has been revised several times and the court's reference to subsection (d)(2) refers to the factors now present at subsection (c)(2) of 20 C.F.R. § 404.1527.

The Commissioner responds by arguing that the ALJ properly considered Dr. Wong's RFC opinion contained within the MSS and sufficiently explained why he gave the opinion little weight. (Doc. 19:5) The Commissioner argues that the ALJ was not relying on a one-time generic statement; rather, Dr. Wong's medical records consistently noted that Plaintiff was "feeling fine." (Doc.19:7) The Commissioner also argues that the medical findings from Dr. Wong's treatment records contradict his opinion. (Doc. 19:7) Furthermore, as the ALJ noted, Plaintiff presented no medical records supporting his contention that he was laid off because he could no longer perform the job duties that were required of him. (Doc. 19:8) Thus, the Commissioner asserts that the ALJ provided good reasons for giving little weight to the opinion of Dr. Wong, and the detailed discussion of the medical evidence provided by the ALJ, *inter alia*, supports a finding of substantial evidence in this case. (Doc. 19:6-9) The Commissioner contends that the fact that Plaintiff explicitly listed the ALJ's reasons and then argued against them in his brief renders meritless Plaintiff's claim that the ALJ failed to analyze Dr. Wong's opinion under 20 C.F.R. § 404.1527(d). (Doc. 19:6) Thus, Plaintiff's allegation of error lacks merit. (Doc.19:8)

A treating physician's opinion regarding the nature and severity of a claimant's condition should be accorded great weight in determining disability and will normally be given controlling weight if it is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) not inconsistent with other substantial evidence. *Newton*, 209 F.3d at 455. The ALJ may, however, give less weight, little weight, or no weight, to the medical opinion of a treating physician when good cause is shown. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). Good cause may be established when a treating physician's statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise

unsupported by the evidence.  (*Id.*)  Moreover, when a decision is unfavorable to the plaintiff,

> the notice of the determination or decision must contain specific reasons for the
> weight given to the treating source's medical opinion, supported by the evidence in
> the case record, and must be sufficiently specific to make clear to any subsequent
> reviewers the weight of the adjudicator gave to the treating source's medical opinion
> and the reasons for the weight.

SSR 96-2p (emphasis added); *see also Staley v. Astrue*, No. 4:12-CV-00184, 2013 WL

2950057, at *4 & n.1 (E.D. Tex. June 13, 2013) (applying SSR 96-2 and holding that the ALJ's

failure to explain the weight he gave to the treating physician's opinion constituted error).

The Fifth Circuit has concluded that, "absent reliable medical evidence from a treating or

examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion

of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views

under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)."  *Newton*, 209 F.3d at 453.  Specifically,

the regulation requires consideration of:

1.  the physician's length of treatment of the claimant;
2.  the physician's frequency of examination;
3.  the nature and extent of the treatment relationship;
4.  the support of the physician's opinion afforded by the medical evidence record;
5.  the consistency of the opinion with the record as a whole; and
6.  the specialization of the treating physician.

With the foregoing considerations in mind, the Court rules as follows.

A review of the record demonstrates that the ALJ had good cause for giving little weight to

Dr. Wong's opinion which is set forth in an MSS which concluded that Plaintiff could perform less

than sedentary work.  (R:425-428)  Dr. Wong's MSS is devoid of any medical explanation(s) which

justify his conclusions.  This Court reviewed not only the MSS, but also all of Dr. Wong's treatment

records, and was unable to find any medically acceptable clinical laboratory diagnostic techniques

or observations that would support the limitations found in the MSS.  Courts have found good cause to provide little weight to a treating physician's questionnaire opinion due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations.  *Foster v. Astrue*, 410 Fed.Appx. 831, 833 (5th Cir. 2011).  Dr. Wong's MSS is lacking in each of these areas.    Another court has concluded that a treating physician's unsupported, check-the-box questionnaire regarding disability typifies the brief and conclusory statements that an ALJ may disregard under the good cause exception to the treating physician rule.  *Nguyen v. Colvin,* No. 4:13-CV-2957, 2015 WL 222328, at *9 (S.D. Tex. Jan. 14, 2015).  Again, Dr. Wong's MSS is lacking in this regard.

As noted earlier, *Newton* requires an ALJ to consider the six regulatory factors before rejecting a treating physician's opinion in a situation where no treating or examining source directly controverts that opinion.  A review of the entire record shows such to be the case here.  The Court does not deem any opinion evidence by Dr. Francisco Guerra or Dr. Robert Santoscoy reliable medical evidence as part of this analysis, inasmuch as they saw Plaintiff before the period in question.  (R:20)  Nor do they provide any pertinent information regarding disability that relates to the matters at hand.  (R:235-236; 305-306)  Hence, the ALJ erred in failing to conduct the six-factor analysis mandated by the regulations and by the Fifth Circuit.

Nevertheless, the Court determines that such error was harmless, and Plaintiff has not demonstrated that any prejudice stemmed from it.  For the reasons referred to earlier which show that the ALJ had good cause for rejecting Dr. Wong's opinion, the Court finds no realistic possibility that the ALJ would have reached a different RFC conclusion had he conducted the detailed regulatory analysis.  Dr. Wong's opinion conflicts not only with his own treatment records-- it is also at odds

with the opinions of the state agency physicians and the non-medical evidence of record, such as Plaintiff's disability report wherein at a face-to-face interview it was observed that Plaintiff had no difficulties with sitting, standing, walking, and using his hands. (R:159) Error is harmless unless it is conceivable, if not probable, that the ALJ would have reached a different conclusion had he considered all 20 C.F.R. Section 404.15279(c)(2) factors. *See Stancle v. Colvin*, No. 4:15-CV-00405-CAN, 2016 WL 3172784, at *15 (E.D. Tex. June 7, 2016). Hence, this error does not warrant reversal.

## CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED and ENTERED on October 20, 2016.**

**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**